Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

| | |
|---|---|
| TRED R. EYERLY | 5641-0 |
| te@hawaiilawyer.com | |
| CASEY T. MIYASHIRO | 11145-0 |
| ctm@hawaiilawyer.com | |

1003 Bishop Street, Suite 1600
Honolulu, Hawai'i 96813
www.hawaiilawyer.com
Telephone: (808) 531-8031
Facsimile:  (808) 533-2242

Attorneys for Defendant/Counterclaimant
    BODELL CONSTRUCTION COMPANY, a Utah corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut corporation; THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut corporation; THE PHOENIX INSURANCE COMPANY, a Connecticut corporation; and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>        Plaintiffs,<br><br>    vs.<br><br>BODELL CONSTRUCTION | CIVIL NO. 20-cv-00288 DKW-WRP<br><br>**DEFENDANT BODELL CONSTRUCTION COMPANY'S SEPARATE CONCISE STATEMENT OF FACTS IN SUPPORT OF CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT RE DUTY TO DEFEND AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS BODELL**<br><br>*[Caption Continued on Next Page]* |

657448

| | |
|---|---|
| COMPANY, a Utah corporation; SUNSTONE REALTY PARTNERS X, LLC, a Hawai'i limited liability company; and STEADFAST INSURANCE COMPANY, a Delaware corporation,<br><br>        Defendants.<br>_____<br><br>BODELL CONSTRUCTION COMPANY, a Utah corporation,<br><br>        Counterclaimant,<br><br>    vs.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut corporation; THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut corporation; THE PHOENIX INSURANCE COMPANY, a Connection corporation; and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>        Counterclaim Defendants.<br>_____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CONSTRUCTION COMPANY, SUNSTONE REALTY PARTNERS X LLC AND STEADFAST INSURANCE COMPANY ON COUNTS I AND II OF PLAINTIFFS' COMPLAINT FILED ON JUNE 25, 2020 (ECF NO. 1) RE NO DUTY TO DEFEND OR TO INDEMNIFY [DKT. 95]; DECLARATION OF MIKE BODELL; DECLARATION OF TRED R. EYERLY; EXHIBITS "A"- "H"; REQUEST FOR JUDICIAL NOTICE; CERTIFICATE OF SERVICE**<br><br><br><br><br><br><br><br><br><br><br>**HEARING**<br>Date: April 15, 2022<br>Time: 10:00 a.m.<br>Judge: Honorable Derrick K. Watson<br><br>TRIAL DATE: September 12, 2022 |

2

657448

# DEFENDANT BODELL CONSTRUCTION COMPANY'S
# SEPARATE CONCISE STATEMENT OF FACTS

Disputed facts in Plaintiffs' Separate Concise Statement of Facts, Dkt. 96:

| Fact Dispute | Explanation and Evidence |
|---|---|
| 3 | The Insurers fail to list four additional commercial liability policies issued to Bodell by Phoenix Insurance Company: 5) CO-0618C07A-PHX-12 effective 9/30/12 to 9/30/13; 6) CO-0618C07A-PHX-13 effective 9/30/13 to 9/30/14; 7) CO-0618C07A-PHX-14 effective 9/30/14 to 9/30/15; 8) CO-0618C07A-PHX-15 effective 9/30/15 to 9/30/16. |
| 4 | The Insurers fail to list three additional excess liability policies issued to Bodell by Travelers Property Casualty Company of America: 8) CUP-0618C07A-TIL-12 effective 9/30/12 to 9/30/13; 9) CUP-0618C07A-TIL-13 effective 9/30/13 to 9/30/14; 10) CUP-0618C07A-TIL-14 effective 9/30/14 to 9/30/15. |

Bodell's Separate Concise Statement in Support of its Cross-Motion follows:

| Undisputed Material Fact | Evidentiary Support |
|---|---|
| 1. In 2003, Bodell was hired by developer Sunstone Realty Partners X LLC ("Sunstone") as the general contractor to perform construction work in connection with the condominium project, Ali`i Cove Project (the "Project"). | Travelers' Ex. 25 at ¶10 |
| 2. Approximately ten years after completion of the Project, the Association of Apartment Owners of Ali`i Cove ("Association") and its members sued Sunstone in the underlying case. | Travelers' Ex. 22 |
| 3. The Association filed a First Amended Complaint against Sunstone on February 8, 2016 ("Association's FAC") alleging that Sunstone developed, built, and sold condominium units using embedded straps instead of bolting the house frames to their foundation. (3-a). The Association alleged that the embedded straps were defective, damaged the homes, rendered the units unsafe due to the threat of hurricanes, and caused corrosion which spreads to the concrete foundations causing them to crack. (3-b) In addition, the embedded straps allegedly did not meet building code requirements. (3-c). | 3-a Travelers' Ex. 23 at ¶¶13-14<br><br>3-b Travelers' Ex. 23 at ¶¶17, 18, 22, 26<br><br>3-c Travelers' Ex. 23 at ¶¶ 23, 24<br><br>3-d Travelers' Ex. 23 at ¶ 48 |

| | |
|---|---|
| Sunstone breached its duty of care by "using Embedded Straps rather [sic] building code required anchor bolts . . ." (3-d). The Association demanded that the embedded straps be replaced and all resulting cracked foundations and other defects be repaired. (3-e) | 3-e Travelers' Ex. 23 at Prayer, ¶ 1 |
| 4. Sunstone filed a Third-Party Complaint against Bodell, Becerra Concrete Construction ("Becerra"), and others, which incorporated all of the allegations of the Association's FAC. (4-a). Further, Bodell oversaw the construction of the Project, installed, and/or specified and/or approved the use of certain load bearing embedded hurricane straps . . . used in all units of the Project. (4-b). Sunstone alleged, "That Third-Party Defendants approved the method and/or installed the embedded straps, which Plaintiffs now claim are the direct and proximate cause of extensive corrosion on the embedded straps and have rendered the units at Alii Cove unsafe . . ." (4-c). Sunstone further alleged it was entitled to indemnity, contribution, and reimbursement from Bodell if Sunstone was found liable in the Association's action. (4-d) | 4-a Travelers' Ex. 25 at ¶¶ 15, 20<br><br>4-b Travelers Ex. 25 at ¶ 13<br><br>4-c Travelers Ex. 25 at ¶ 18<br><br>4-d Travelers' Ex. 25, Prayer at C |
| 5. Becerra was the subcontractor responsible for the concrete and masonry work, including work associated with setting the embedded straps. | Travelers' Ex. 25 at ¶ 15 |
| 6. The Association filed a Second Amended Complaint on March 21, 2017, alleging numerous additional defects which were not specifically identified, but were referenced as those included in the Association's expert's Preliminary Letter of Findings ("Posard Preliminary Findings"). (6-a). The Posard Preliminary Findings identified numerous "construction deficiencies," including site conditions, structural issues, building envelope, roofing, general architecture, mechanical, plumbing, and electrical. (6-b) | 6-a Travelers' Ex. 24 at ¶ 28<br><br>6-b Travelers' Separate Concise Statement of Facts ("TSF") 9 |
| 7. Bodell was insured under numerous primary and excess policies issued by the Insurers and others. (7-a) The St. Paul policies were effective for the 9/30/03 to 9/30/04 and 9/30/04 to 9/30/05 policy periods. (7-b) | 7-a TSF 1-4<br><br>7-b TSF 1 |
| 8. In March 2016, Bodell tendered the underlying case to all the Insurers. (8-a) Two of the Insurers, Travelers Indemnity Company of America and The Phoenix Insurance Company, agreed to defend Bodell under a reservation of rights, but rights were not reserved, however, under the St. Paul primary | 8-a TSF 14-15; Ex. F attached to Declaration of Mike Bodell ("Bodell Decl.")<br>8-b Ex. F at 1 attached to Bodell Decl. |

| | |
|---|---|
| policies nor any of the excess policies issued to Bodell by the Insurers. (8-b) | |
| 9. The underlying case was stayed pending the outcome of two arbitrations. | Complaint [Dkt.1] at ("Complaint") ¶ 28, attached as Ex. A to Declaration of Tred R. Eyerly ("Eyerly Decl.") |
| 10. The Association arbitrated its claims with Sunstone and a settlement was reached between the Association and Sunstone during the arbitration. | Complaint at ¶ 32, attached as Ex. A to Eyerly Decl. |
| 11. The second arbitration involved Sunstone's claims against Bodell. (11-a). An Arbitration Decision and Award was issued on June 18, 2021. (11-b). The arbitrator relied on the Trinity Subrogation Response ("Trinity Response"), dated May 13, 2020, as a framework for identifying the various items of alleged defects but did not differentiate between work done by subcontractors versus work performed by Bodell (11-c). | 11-a Complaint at ¶ 27, attached as Ex. A to Eyerly Decl.<br>11-b Arbitration Decision and Award, attached as Ex. B to Request for Judicial Notice<br><br>11-c Ex B at ¶¶ 3.9, 3.13 |
| 12. The Trinity Response addressed items identified by the Posard Preliminary Findings and by Porter Construction, and included 281 items of alleged defects. | Ex. C , attached to Request for Judicial Notice |
| 13. Relying on the Trinity Response, the Arbitration Award listed numerous defects for which Bodell was responsible or partly responsible. | Ex. B to Request for Judicial Notice at ¶¶ 3.13, 3.17 |
| 14. The identified defects ranged from such things as Item 141 ("flashing and weather resistive barrier deficiencies exist at the window installations resulting in unintended water passing beyond, around, or through the window or its designed or actual moisture barrier. . ." requiring removal of materials to reach the framing and sheathing) to Item 259 ("[w]aterproofing deficiencies exist at the tile clad shower assemblies" causing "water leakage from the shower assemblies appearing at the living room floor on the opposite side of the shower area," requiring removal of materials to install new shower pan). (14-a). Item 77 involves leaking behind the siding and trim of the weather-resistive barrier, allowing unintended water-intrusion. (14-b).The remedy requires removal of the fiber cement cladding and the windows to rectify the defective flashings. (14-c). | 14-a Ex. C at Items 141, 259, attached to Eyerly Decl.<br><br>14-b Ex. C at Item 77, attached to Eyerly Decl.<br><br>14-c Ex. C at Item 77, attached to Eyerly Decl. |
| 15. Some of alleged defects involved subcontractor work. | Bodell Decl. at ¶ 6 |

3

657448

| | |
|---|---|
| 16. The Insurers' expert, Randall Gamache, was instructed to "render [his] opinion as to the cause, if any, of Resultant Damages, secondary damage that occurred as a result of some other primary damage listed in the Alleged Defects, that may or may not have occurred due [sic] the alleged defective work as described in the Complaints and Documents . . ." (16-a). His report states, "[Gamache Construction Services, LLC] has noted some areas where Resultant Damage has occurred . . . and some areas where Potential Resultant Damage . . . may have occurred due [sic] but cannot 100% prove to have caused damage." (16-b). The Report goes on to list numerous areas where Resultant Damage or Potential Resultant Damage occurred, including Items 77 (incorporated into Item 141), 141 and 259. (16-c). The Report concludes, "Total Allowance for Resultant Damages and Potential Resultant Damages: $687,965.71." (16-d). Among the documents reviewed by Mr. Gamache is Bodell's Confidential Mediation Statement. (16-e) | 16-a Ex. D at 4, attached to Eyerly Decl.<br><br>16-b Ex. D at 9, attached to Eyerly Decl.<br><br>16-c Ex. D at 10-12, attached to Eyerly Decl.<br><br>16-d Ex. D at 12, attached to Eyerly Decl.<br><br>16-e Ex. D at 4-5, attached to Eyerly Decl. |
| 17. The Insurers informed Bodell that their expert "Randy Gamache opines that the cost to repair items causing potentially resultant damage that were not otherwise withdrawn at the arbitration, is $687,965.71." (17-a). Therefore, Travelers planned to pay Sunstone $727,346.48, the amount it contributed to the settlement with the AOAO plus post-judgment interest. (17-b). | 17-a Ex. E at 1, attached to Eyerly Decl.<br><br>17-b Ex. E at 1-2, attached to Eyerly Decl. |
| 18. The Insurers' reservation of rights letter sets forth Exclusion k, "Damage to Your Product." It reads, "'Property damage' to 'your product' arising out of it or any part of it."(18-a). The letter then explains:<br><br>This portion of the policies are [sic] relevant because the policies only covers [sic] consequential "property damage" resulting or arising from "your product" resulting or arising from "your product". We will not pay for poor workmanship or warranty of "your product [sic]."<br><br>(18-b). The letter further quotes the policies' definition of "your product" as "[a]ny goods or products, other than real property, | 18-a Ex. F at 8, attached to Eyerly Decl.<br><br>18-b Ex. F at 8, attached to Eyerly Decl.<br><br>18-c Ex. F at 6, attached to Eyerly Decl.<br><br>18-d Ex. F at Ex. 8, attached to Eyerly Decl. |

4

657448

| | |
|---|---|
| manufactured, sold, <u>handled</u>, distributed or disposed by . . . you . . ." (18-c).<br><br>The "Damage to Your Work" exclusion in the Insurers' policies states the exclusion "does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor." (18-d). | |
| 19. The Insurers' amended definition of "occurrence" reads as follows:<br><br>"Occurrence" means:<br><br>An accident, including continuous or repeated exposure to substantially the same general harmful conditions; or<br><br>An act or omission, including all related acts or omissions, that causes "subcontracted work property damage."<br><br>The following is added to the Definitions Section:<br><br>"Subcontracted work property damage" means "property damage" that:<br><br>Is neither expected nor intended from the standpoint of the insured; and<br><br>Is to "your work" arising out of it or any part of it and included in the "products-completed operations hazard" if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor. | Ex. G, excerpts from Plaintiffs' policies DT-CO-0618C07A-PHX-13 (9/30/13 to 9/30/14); DT-CO-0618C07A-PHX-14 (9/30/14 to 9/30/15); DT-CO-0618C07A-PHX-15 (9/30/15 to 9/30/16). |
| 20. The Posard Preliminary Findings suggested the recommended repairs at the Project would cost $24,085,762. | Ex. H at 70 of 70, listing cost estimate at $24,085,762 (Ex. A to Report), attached to Eyerly Decl. |
| 21. The excess policies provide a duty to defend when damages are not payable under any underlying insurance because limits have been exhausted by the payment of claims. | *E.g.*, Travelers' Ex. 16 at TR002298 |

//

5

657448

DATED: Honolulu, Hawai'i, March 24, 2022.

        DAMON KEY LEONG KUPCHAK HASTERT

        */s/ Tred R. Eyerly*
        TRED R. EYERLY
        CASEY T. MIYASHIRO

        Attorneys for Defendant
          BODELL CONSTRUCTION COMPANY