LI & TSUKAZAKI
Attorneys at Law, LLLC

PHILLIP A. LI            #4262-0
MATT TSUKAZAKI           #4968-0
733 Bishop Street, Suite 1770
Honolulu, Hawai'i 96813
Telephone: (808) 524-4888
Facsimile: (808) 524-4887
pal@lt-Hawai'i.com
mat@lt-Hawai'i.com

THE AGUILERA LAW GROUP, APLC

RAYMOND E. BROWN (*pro hac vice*)
RICHARD A. SEMON (*pro hac vice*)
23046 Avenida De La Carlota, Suite 300
Laguna Hills, California 92653
Telephone: (714) 384-6600
Facsimile: (714) 384-6601
rbrown@aguileragroup.com
rsemon@aguileragroup.com

Attorneys for Plaintiffs and Counterclaim Defendants
ST. PAUL FIRE AND MARINE INSURANCE
COMPANY, THE TRAVELERS INDEMNITY
COMPANY OF AMERICA, THE PHOENIX
INSURANCE COMPANY, and TRAVELERS
PROPERTY CASUALTY COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Connecticut corporation; THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut corporation; THE | Civil No. CV 20-00288 DKW-WRP<br>**DECLARATION OF ANTONY VANDERMOORE**<br>[CAPTION CONTINUED NEXT PAGE]<br>TRIAL DATE:  March 6, 2023<br>JUDGE: Hon. Derrick K. Watson |

PHOENIX INSURANCE COMPANY,
a Connecticut corporation; and
TRAVELERS PROPERTY
CASUALTY COMPANY OF
AMERICA, a Connecticut corporation,

        Plaintiffs,

    vs.

BODELL CONSTRUCTION
COMPANY, a Utah corporation;
SUNSTONE REALTY PARTNERS X,
LLC, a Hawai'i limited liability
company; and STEADFAST
INSURANCE COMPANY, a Delaware
corporation,

        Defendants.

AND RELATED CROSS-ACTIONS.

## DECLARATION OF ANTONY VANDERMOORE

I, Antony Vandermoore, declare as follows:

1.    I have personal knowledge of the following facts and if called as a witness could and would competently testify thereto.

2.    I am a Claims Manager with Plaintiffs, St. Paul Fire And Marine Insurance Company, The Travelers Indemnity Company Of America, The Phoenix Insurance Company, and Travelers Property Casualty Company Of America. In this capacity, I routinely monitor litigation in which Travelers is funding a defense for an insured. This monitoring included reviewing and analyzing various

documents and information maintained in the claim file. As a result of my position, I am familiar with Travelers' manner and method of maintaining insurance claim related documents in its claim files. The claim files are maintained in the ordinary course of business and Travelers' business practice is to place relevant claim documents related to a specific claim into the claim file for that claim at or around the time the document is either received or generated. These claim documents include relevant correspondence, reports, invoices, billing records, and any other documents received or generated by the adjuster.

1.      The policies and claim file were prepared in the regular course of business at or near the time of the acts, conditions or events recorded.  The foregoing documents are maintained by Plaintiffs in the ordinary course of business and I have full authority to certify the contents of these documents.

3.      St. Paul Fire and Marine Insurance Company issued the following commercial liability policies to the named insured, Bodell Construction Company:

      a) policy no. KC07800150 effective September 30, 2003 to September 30, 2004; and

      b) policy no. KC07800307 effective September 30, 2004 to September 30, 2005.

4.      The Travelers Indemnity Company of America issued the following commercial liability policies to the named insured Bodell Construction Company:

3

  a) policy no. CO-0618C07A-TIA-05 effective 9/30/05 to 9/30/06;

  b) policy no. CO-0618C07A-TIA-06 effective 9/30/06 to 9/30/07; and

  c) policy no. CO-0618C07A-TIA-07 effective 9/30/07 to 9/30/08.

  5. The Phoenix Insurance Company ("Phoenix") issued the following commercial liability policies to the named insured Bodell Construction Company:

  a) policy no. CO-0618C07A-PHX-08 effective 9/30/08 to 9/30/09;

  b) policy no. CO-0618C07A-PHX-09 effective 9/30/09 to 9/30/10;

  c) policy no. CO-0618C07A-PHX-10 effective 9/30/10 to 9/30/11;

  d) policy no. CO-0618C07A-PHX-11 effective 9/30/11 to 9/30/12;

  e) policy no. CO-0618C07A-PHX-12 effective 9/30/12 to 9/30/13;

  f) policy no. CO-0618C07A-PHX-13 effective 9/30/13 to 9/30/14;

  g) policy no. CO-0618C07A-PHX-14 effective 9/30/14 to 9/30/15; and

  h) policy no. CO-0618C07A-PHX-15 effective 9/30/15 to 9/30/16.

  6. Travelers Property Casualty Company of America issued the following commercial excess liability insurance policies to the named insured Bodell Construction Company:

  a) policy no. CUP-0618C07A-TIL-05 effective 9/30/05 to 9/30/06;

  b) policy no. CUP-0618C07A-TIL-06 effective 9/30/06 to 9/30/07;

  c) policy no. CUP-0618C07A-TIL-07 effective 9/30/07 to 9/30/08;

  d) policy no. CUP-0618C07A-TIL-08 effective 9/30/08 to 9/30/09;

e) policy no. CUP-0618C07A-TIL-09 effective 9/30/09 to 9/30/10;

f) policy no. CUP-0618C07A-TIL-10 effective 9/30/10 to 9/30/11;

g) policy no. CUP-0618C07A-TIL-11 effective 9/30/11 to 9/30/12;

h) policy no. CUP-0618C07A-TIL-12 effective 9/30/12 to 9/30/13;

i) policy no. CUP-0618C07A-TIL-13 effective 9/30/13 to 9/30/14; and

j) policy no. CUP-0618C07A-TIL-14 effective 9/30/14 to 9/30/15.

7.      By letters dated March 23, 2016, Sunstone tendered the defense of

Association of Apartment Owners of Ali'i Cove v. Sunstone Realty Partners, X,

LLC et al. in the Circuit Court of the First Circuit, State of Hawai'i, case no. 15-1-

1616-00 RAN ("Ali'i Cove Action") to St. Paul, Phoenix and Travelers Indemnity

pursuant to policies issued to Bodell.  Attached hereto as **Exhibit 1** are true and

correct copies of Sunstone's counsel's letters dated March 23, 2016 to St. Paul,

Phoenix and Travelers Indemnity, respectively, without the attachments.

8.      On November 23, 2016, Travelers Indemnity, Phoenix and St. Paul

agreed to defend Sunstone in the Ali'i Cove Action subject to a reservation of

rights.  Attached hereto as **Exhibit 2** is a true and correct copy of the reservation of

rights letter, dated November 23, 2016, to Sunstone's counsel.

9.      On June 9, 2017, Travelers Indemnity, Phoenix and St. Paul asserted

their right to appoint counsel of their choosing to represent Sunstone. Attached

hereto as **Exhibit 3** is a true and correct copy of the letter, dated June 9, 2017, to Sunstone's counsel.

10.     On June 28, 2019, Travelers Indemnity, Phoenix and St. Paul sent an additional letter to Sunstone. Attached hereto as **Exhibit 4** is a true and correct copy of the letter, dated June 9, 2017, to Sunstone's counsel.

11.     Phoenix paid for Sunstone's defense of the Ali'i Cove Action from tender through the conclusion of the action, totaling $1,246,955.41.

12.     Phoenix's payments of Sunstone's defense includes $712,212.98 paid directly to Sunstone. Phoenix's payments include all of the invoices sent to Phoenix of Sunstone's personal counsel from March 23, 2016, to June 9, 2017, at which time Phoenix appointed counsel.

I declare under penalty of law that the foregoing is true and correct.

Executed this 6th day of October, 2022, at Pomona, California.


_____
Antony Vandermoore
Declarant

6

# Exhibit 1

# O'CONNOR PLAYDON & GUBEN LLP

Dennis E. W. O'Connor
George W. Playdon, Jr.
Jerrold K. Guben
Michael J. McGuigan
Cid H. Inouye
Kelvin H. Kaneshiro
Jeffre W. Juliano, LL.M.
Dennis E. W. O'Connor Jr.
Peter B. Carlisle

W. Thomas Fagan
(1945 - 2013)

A LIMITED LIABILITY LAW PARTNERSHIP
ATTORNEYS AT LAW   *Since 1876*

Pacific Guardian Center • Makai Tower • 733 Bishop Street • 24th Floor
Honolulu, Hawaii 96813-4070

Telephone: (808) 524-8350 • Fax: (808) 531-8628
email: info@opglaw.com
www.opglaw.com

Charles S. O'Neill, Jr., LL.M.
Jeffery S. Flores
Miranda F. Tsai
Kristi L. Arakaki
Lahela H. F. Hite
H. Maxwell Kopper
Cecily D.M. Kaya

*COUNSEL*
Dennis J. Hwang

March 23, 2016

The Phoenix Insurance
c/o Dale Barton Agency
1100 East 6600 South, Suite 400
Salt Lake City, Utah  84121-7418

RE:   Association of Apartment Owners of Alii Cove v. SunStone Realty
       Partners X LLC, et al., Civil No. 15-1-1616-08 (RAN)
       Tender Letter

Dear Sir and/or Madam:

We write on behalf of SunStone Realty Partners X LLC ("SunStone") to inform you of a claim filed against them in the above-referenced matter. SunStone is an additional named insured under the commercial general liability policy (CC0618C07APHX08 ) held by Bodell Construction Company ("Bodell") per endorsement CGD2460805. See Exhibit "A."

Plaintiff Association of Apartment Owners of Ali`i Cove ("Plaintiff") filed the Complaint on August 14, 2015, in Circuit Court of the First Circuit of the State of Hawaii, naming SunStone, your named additional insured, as a defendant. See Exhibit "B." On February 8, 2016, Plaintiff filed an Amended Complaint. Our office accepted service of the Amended Complaint on February 22, 2016. See Exhibit "C."

The Complaint and First Amended Complaint alleged damages caused by certain design and/or construction defects related to the embedded strap system, as well as other construction defects. On or about 2003 to 2008, SunStone developed the property known as Ali`i Cove, located at 75-5919 Ali`i Drive, Kailua-Kona, Hawaii 96740. SunStone then sold the developed property to Plaintiff or to predecessors from whom the AOAO members purchased their homes. Plaintiff now alleges that the homes are damaged and in violation of Hawaii's Building Code. Plaintiff alleges that such damages are caused by the defective design and/or construction of the homes due in part to the negligence of developer SunStone.

Based on the foregoing, **please consider this a tender of the defense of all claims that are potentially covered, including but not limited to the construction defects alleged in the Complaint and First Amended Complaint.** This tender is made on behalf of SunStone Realty Partners X LLC under CGL policy (CC0618C07APHX08 ) held by Bodell per endorsement CGD2460805.

294287v1/15-150/CDK

The Phoenix Insurance
c/o Dale Barton Agency
March 23, 2016
Page 2


SunStone Realty Partners X LLC under CGL policy (CC0618C07APHX08 ) held by Bodell per endorsement CGD2460805.

      Please provide the full insurance policy and certificate of insurance reflecting SunStone Realty Partners X LLC as the named additional insureds.

      Please contact me should you have any questions.

          Sincerely,

          Cid H. Inouye

CHI:cdk
Exhibits "A" – "C"
cc:    Clients
        Colette M. Horsch

# O'CONNOR PLAYDON & GUBEN LLP

Dennis E. W. O'Connor
George W. Playdon, Jr.
Jerrold K. Guben
Michael J. McGuigan
Cid H. Inouye
Kelvin H. Kaneshiro
Jeffre W. Juliano, LL.M.
Dennis E. W. O'Connor Jr.
Peter B. Carlisle

W. Thomas Fagan
(1945 - 2013)

A LIMITED LIABILITY LAW PARTNERSHIP
ATTORNEYS AT LAW   *Since 1876*

Pacific Guardian Center • Makai Tower • 733 Bishop Street • 24th Floor
Honolulu, Hawaii 96813-4070

Telephone: (808) 524-8350 • Fax: (808) 531-8628
email: info@opglaw.com
www.opglaw.com

Charles S. O'Neill, Jr., LL.M.
Jeffery S. Flores
Miranda F. Tsai
Kristi L. Arakaki
Lahela H. F. Hite
H. Maxwell Kopper
Cecily D.M. Kaya

*COUNSEL*
Dennis J. Hwang

March 23, 2016

St. Paul Fire & Marine Insurance Company
c/o Dale Barton Agency
1100 East 6600 South, Suite 400
Salt Lake City, Utah  84121-7418

> RE:  Association of Apartment Owners of Alii Cove v. SunStone Realty
> Partners X LLC, et al., Civil No. 15-1-1616-08 (RAN)
> Tender Letter

Dear Sir and/or Madam:

We write on behalf of SunStone Realty Partners X LLC ("SunStone") to inform you of a claim filed against them in the above-referenced matter. SunStone is an additional named insured under the commercial general liability ("CGL") and excess liability policy KC07600150 for the policy period 9/30/03 – 9/30/04, held by Bodell Construction Company ("Bodell") per endorsement G0322. See Exhibit "A." SunStone is also an additional insured under Bodell's CGL and excess liability policy KC07800307 per endorsement L0254 for the policy period of 9/30/04 – 9/30/05, and policy QT142D883-2. See Exhibit "B."

Plaintiff Association of Apartment Owners of Ali`i Cove ("Plaintiff") filed the Complaint on August 14, 2015, in the Circuit Court of the First Circuit of the State of Hawaii naming our client and your named additional insured, SunStone, as a defendant. See Exhibit "C." On February 8, 2016, Plaintiff filed an Amended Complaint. See Exhibit "D." Our office accepted service of the Amended Complaint on February 22, 2016.

The Complaint and First Amended Complaint alleged damages caused by certain design and/or construction defects related to the embedded strap system, as well as other construction defects. On or about 2003 to 2007, SunStone developed the property known as Ali`i Cove, located at 75-5919 Ali`i Drive, Kailua-Kona, Hawaii 96740. SunStone then sold the developed property to Plaintiff or to predecessors from whom the AOAO members purchased their homes. Plaintiff alleges that the homes are now damaged and in violation of Hawaii's Building Code. Plaintiff alleges that such damages are caused by the defective design and/or construction of the homes due in part to the negligence of developer SunStone.

St. Paul Fire & Marine Insurance Company
c/o Dale Barton Agency
March 23, 2016
Page 2

Based on the foregoing, **please consider this a tender of the defense of all claims that are potentially covered, including but not limited to the construction defects alleged in the Complaint and First Amended Complaint.** This tender is made on behalf of SunStone Realty Partners X LLC pursuant to the aforementioned policy numbers.

Please provide the previously identified endorsements, full insurance policies, and certificates of insurance reflecting SunStone Realty Partners X LLC as the named additional insureds.

Please contact me should you have any questions.

Sincerely,

Cid H. Inouye

CHI:cdk
Exhibits "A" – "D"
cc:     Clients
        Colette M. Horsch

# O'CONNOR PLAYDON & GUBEN LLP

Dennis E. W. O'Connor
George W. Playdon, Jr.
Jerrold K. Guben
Michael J. McGuigan
Cid H. Inouye
Kelvin H. Kaneshiro
Jeffre W. Juliano, LL.M.
Dennis E. W. O'Connor Jr.
Peter B. Carlisle

W. Thomas Fagan
(1945 - 2013)

A LIMITED LIABILITY LAW PARTNERSHIP
ATTORNEYS AT LAW  *Since 1876*

Pacific Guardian Center • Makai Tower • 733 Bishop Street • 24th Floor
Honolulu, Hawaii 96813-4070

Telephone: (808) 524-8350 • Fax: (808) 531-8628
email: info@opglaw.com
www.opglaw.com

Charles S. O'Neill, Jr., LL.M.
Jeffery S. Flores
Miranda F. Tsai
Kristi L. Arakaki
Lahela H. F. Hite
H. Maxwell Kopper
Cecily D M. Kaya

*COUNSEL*
Dennis J. Hwang

March 23, 2016

Travelers Indemnity Company of America
c/o Dale Barton Agency
1100 East 6600 South, Suite 400
Salt Lake City, Utah  84121-7418

> RE:  Association of Apartment Owners of Alii Cove v. SunStone Realty
> Partners X LLC, et al., Civil No. 15-1-1616-08 (RAN)
> Tender Letter

Dear Sir and/or Madam:

We write on behalf of SunStone Realty Partners X LLC ("SunStone") to inform you of a claim filed against them in the above-referenced matter. SunStone is an additional named insured under the commercial general liability ("CGL") policy DTC00618C07A, the excess liability policies DTSMCUPO06188C07A, CUP0618C07ATIL08, as well as policies QT660142D883 and BA1808CS85TIA03, held by Bodell Construction Company ("Bodell") per endorsements CGD316, CGD246, CGD2460805. See Exhibit "A."

Plaintiff Association of Apartment Owners of Ali`i Cove ("Plaintiff") filed the Complaint on August 14, 2015, in Circuit Court of the First Circuit of the State of Hawaii, naming SunStone, your named additional insured, as a defendant. See Exhibit "B." On February 8, 2016, Plaintiff filed an Amended Complaint. Our office accepted service of the Amended Complaint on February 22, 2016. See Exhibit "C."

The Complaint and First Amended Complaint alleged damages caused by certain design and/or construction defects related to the embedded strap system, as well as other construction defects. On or about 2003 to 2007, SunStone developed the property known as Ali`i Cove, located at 75-5919 Ali`i Drive, Kailua-Kona, Hawaii 96740. SunStone then sold the developed property to Plaintiff or to predecessors from whom the AOAO members purchased their homes. Plaintiff now alleges that the homes are damaged and in violation of Hawaii's Building Code. Plaintiff alleges that such damages are caused by the defective design and/or construction of the homes due in part to the negligence of developer SunStone.

TRAVELERS
WALNUT CREEK

APR - 5 2016

RECEIVED
(D)

Travelers Indemnity Company of America
c/o Dale Barton Agency
March 23, 2016
Page 2

Based on the foregoing, **please consider this a tender of the defense of all claims that are potentially covered, including but not limited to the construction defects alleged in the Complaint and First Amended Complaint.** This tender is made on behalf of SunStone Realty Partners X LLC under the aforementioned policies.

Please provide the full insurance policy and certificate of insurance reflecting SunStone Realty Partners X LLC as the named additional insureds.

Please contact me should you have any questions.

Sincerely,

Cid H. Inouye

CHI:cdk
Exhibits "A" – "C"
cc:     Clients
        Colette M. Horsch

# Exhibit 2



Sandy V. Ngo
**Construction Defect Claim**
3333 Michelson Dr., Ste 1000
Irvine, CA 92612
Tel: 949.224-5870
Fax: 949.224.5975

*Mailing Address*
P.O. Box 19526
Irvine, CA 92623
sngo@travelers.com

November 23, 2016 **Sent via Certified Mail, Return Receipt Requested**
7014 2120 0004 7687 8973

Cid H. Inouye **AI RESERVATION OF RIGHTS**
O'Connor Playdon & Guben, LLP
Pacific Guardian Center
Makai Tower
733 Bishop Street, 24th Floor
Honolulu, HI 96813-4070

RE: **Association of Apartment Owners of Alii Cove v. SunStone Realty Partners X, LLC**

| | |
|---|---|
| Court Case: | 15-1-1616-08 (RAN), Hawaii Circuit Court of the First Circuit |
| Insured: | Bodell Construction Company |
| Policy Nos: | KC07800150, Eff. 09/30/03 to 09/30/04 |
| | KC07800307, Eff. 09/30/04 to 09/30/05 |
| | DT-CO-0618C07A, Eff. 09/30/05 to 09/30/16 |
| Insurers: | St. Paul Fire & Marine Insurance Company |
| | The Travelers Indemnity Company of America |
| | The Phoenix Insurance Company |
| Claim No: | 580 ER ACQ5012 T |
| Your Client: | SunStone Realty Partners X, LLC |

Dear Mr. Inouye:

This letter acknowledges receipt of the referenced matter and advises you that we will agree to defend SunStone Realty Partners X, LLC (hereinafter "SunStone") as an additional insured under the policies, issued to Bodell Construction Company (hereinafter referred to as "Bodell Construction"), relative to the above-captioned matter and subject to a full reservation of rights.

We have reviewed the coverage afforded under the policies and believe that certain limitations to the coverage may apply to the referenced matter. For that reason, we are issuing this "reservation of rights" letter. This is not a declination of coverage. It's our understanding your office is authorized by SunStone to accept receipt of this reservation of rights and will forward it to them.

St. Paul Fire & Marine Insurance Company, The Travelers Indemnity Company of America and The Phoenix Insurance Company (hereinafter "Travelers"/"we"/"our"/"us") reserves Travelers' rights regarding the duty to defend and obligation to indemnify SunStone in the referenced matter pursuant to the captioned primary Commercial General Liability Policy (hereinafter "the policy") issued to Bodell Construction.

This litigation arises from allegations of claims arising from the damages caused by certain design and/or construction defects related to the embedded strap system, as well as other construction defects involving the Ali'I Cove Condominium units, located at 75-5919 Ali'I Drive, Kailua-Kona, Hawaii, 96740. The Plaintiff Association of Apartment Owners of Ali'I Cove filed a Complaint alleging various construction defects to the subject development.

SunStone allegedly participated in the aspects of the development of the subject project.  In turn, Bodell Construction entered into a subcontract in November 2003 with SunStone to supervise and direct the work for the subject development.  Given the date of the contract November 2003, only the 2003 and later policies are potentially on the risk and therefore, only these policies are being addressed below.

Although it is the position of Travelers, that the above defect allegations have not resulted in covered damages, rather, the allegations are the result of other trades' defects.  Until the coverage issues arising from the referenced matter are resolved, Travelers agrees to defend SunStone in this action, subject to a full reservation of its rights and defenses under the policies. Travelers' offer to defend should not be deemed to be a waiver of any of Travelers' rights and defenses, including rights and defenses provided in the policy.  Also, Travelers' offer to defend SunStone should not be deemed to be an expansion of the duties owed by Travelers.

*   *   *

The **Commercial General Liability Coverage Form CG0001 Ed. 10-01** of the policies, effective September 30, 2005 to September 30, 2016, read similarly to the **Commercial General Liability Protection** form **47500 Ed. 01-01** of the policies, effective September 30, 2003 to September 30, 2005. The following insuring agreement in form CG0001 Ed. 10-01 provides, in relevant part:

**SECTION I – COVERAGES**

**COVERAGE A  BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement.**

    **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may at our discretion, investigate any "occurrence" or settle any claim or "suit" that may result.  But:

        (1)  The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

        (2)  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under coverage **C**.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

    **b.**  This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    "Bodily injury" or "property damage" which occurs during the policy period and was not,

**c.** prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive a notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** Bodily injury" or "property damage" will be deemed to have been known to have occurred At the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**2.  Exclusions**

This insurance does not apply to:

**a.  Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b.  Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

(2)  Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided:

(a)  Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b)  Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\* \* \*

**k.  Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.  Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

\* \* \*

For further clarification of the Insuring Agreement, we refer you to **SECTION V – DEFINITIONS** portion of the policy where the meanings of the pertinent terms are outlined.  The definitions of "Bodily injury", "Occurrence", "Products-completed operations hazard", "Property damage", "Suit", "Your product" and 'Your work" as used in the Insuring Agreement and elsewhere in the policy are as follows:

**3**. "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**13**. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**16**. "Products-completed operations hazard":

**a**.  includes all "bodily injury" and "property damage"  occurring away from premises you

own or rent and arising out of "your product" or "your work" except:

**(1)**   Products that are still in your physical possession; or

**(2)**   Work that has not yet been completed or abandoned.  However, "your work" will be deemed complete at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

**Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.**

**b.**  Does not include "bodily injury" or "property damage" arising out of:

**(1)**   The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

**(2)**   The existence of tools, uninstalled equipment or abandoned or unused materials; or

**(3)**   Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

**17**.  "Property damage" means:

**a.**   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**   Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

**18.**   "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage"  or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

**a.**   An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

**b.**   Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

**21.**   "Your product":

**a.**  Means:

**(1)**   Any goods or products, other than real property, manufactured, sold, handled, Distributed or disposed of by:

**(a)** You;

**(b)** Others trading under your name; or

        **(c)** A person or organization whose business or assets you have acquired; and
  **(2)** Containers (other than vehicles), materials, parts or equipment furnished in
      Connection with such goods or products.

  **b.** Includes:
   **(1)** Warranties or representations made at any time with respect to the fitness, quality,
      durability, performance or use of "your product:; and
   **(2)** The providing of or failure to provide warnings or instructions.

  **c.** Does not include vending machines or other property rented to or located for the use of
    others but no sold.

**22.**    "Your work":

  **a.** Means:
   **(1)**  Work or operations performed by you or on your behalf; and
   **(2)**  Materials, parts or equipment furnished in connection with such work or operations.

  **b.** Includes:
   **(1)** Warranties or representations made at any time with respect to the fitness, quality
      Durability, performance or use of "your work"; and
   **(2)**  The providing of or failure to provide warnings or instructions.

\*   \*   \*

The policies, effective September 30, 2003 to September 30, 2005 contain **G0322 Ed. 12-97 Additional Protected Persons Endorsement – Contractors General Liability – Including Completed Work**. This endorsement reads as follows:

**ADDITIONAL PROTECTED PERSONS ENDORSEMENT – CONTRACTORS GENERAL LIABILITY - INCLUDING COMPLETED WORK**

This endorsement changes your Contractors Commercial General Liability Protection.

**How Coverage is Changed**

There are two changes which are described below.

   1.  The following is added to the Who is Protected Under This Agreement section. This
      change adds certain protected persons and limits their protection.

      Additional protected person. The person or organization named below is an additional
      protected person as required by a contract or agreement entered into by you. But only for
      covered injury or damage arising out of:

         •   your work for that person or organization;

- your completed work for that person or organization if your contract or agreement requires such coverage;

- premises you own, rent, or lease from that person or organization;

- your maintenance, operation, or use of equipment leased from that person or organization.

We explain what we mean by your work and your completed work in the Products and

completed work total limit section.

If the additional protected person is an architect, engineer, or surveyor, we won't cover injury or damage arising out of the performance or failure to perform architect, engineer, or surveyor professional services.

*Architect, engineer, or surveyor professional services* includes:

- the preparation or approval or maps, drawings, opinions, reports, surveys, change orders, designs, or specification; and
- supervisory, inspection, or engineering services.

2.  The following is added to the Other primary insurance section. This change broadens coverage.

We'll consider this insurance to be primary to and non-contributory with the insurance issued directly to additional protected persons listed below if:
- your contract specifically requires that we consider this insurance to be primary or primary and non-contributory; or

- you request before a loss that we consider this insurance to be primary or primary and non-contributory insurance.

Other Terms

All other terms of your policy remain the same.

Person or Organization:

Any person or organization you are required in a written contract to show as an additional protected person is an additional protected person.

\* \* \*

The policies, effective September 30, 2005 to September 30, 2016, contain **CGD246 Ed. 08-05 Blanket Additional Insured (Contractors)**.  This endorsement reads as follows:

November 23, 2016
O'Connor Playdon & Guben, LLP
Page 8 of 11

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

**BLANKET ADDITIONAL INSURED (CONTRACTORS)**

1. WHO IS AN INSURED - (Section II) is amended to include any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on this Coverage Part, but:

    a. Only with respect to liability for "bodily injury", "property damage" or "personal injury"; and

    b. If, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the "written contract requiring insurance" applies.  The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.
    .

2. The insurance provided to the additional insured by this endorsement is limited as follows:

                                    *   *   *

    c) The insurance provided to the additional insured does not apply to "bodily injury" or "property damage" caused by "your work" and included in the "products-completed operations hazard" unless the "written contract requiring insurance" specifically requires you to provide such coverage for that additional insured, and then the insurance provided to the additional insured applies only to such "bodily injury" or "property damage" that occurs before the end of the period of time for which the "written contract requiring insurance" requires you to provide such coverage or the end of the policy period, whichever is earlier.

3. The insurance provided to the additional insured by this endorsement is excess over any valid and collectible "other insurance," whether primary, excess, contingent or on any other basis, that is available to the additional insured for a loss we cover under this endorsement. However, if the "written contract requiring insurance" specifically requires that this insurance apply on a primary basis or a primary and non-contributory basis, this insurance is primary and non-contributory basis, this insurance is primary to "other insurance" available to the additional insured which covers that person or organization as a named insured for such loss, and we will not share with that "other insurance".  But the insurance provided to the additional insured by this endorsement still is excess over any valid and collectible "other insurance," whether primary, excess, contingent or on any other basis, that is available to the additional insured when that person or organization is an additional insured under such "other insurance."

                                    *   *   *

November 23, 2016
O'Connor Playdon & Guben, LLP
Page 9 of 11

    **5.**   The following definition is added to SECTION V. – DEFINITIONS:

"Written contract requiring insurance" means that part of any written contract or agreement under which you are required to include a person or organization as an additional insured on this Coverage Part, provided that the "bodily injury" and "property damage" occurs and the "personal injury" is caused by an offense committed:

    **a.**  After the signing and execution of the contract or agreement by you;

    **b.**  While that part of the contract or agreement is in effect; and

    **c.**  Before the end of the policy period.

In order for the above cited endorsement to apply and therefore for SunStone to qualify as an additional insured under the policy, it must satisfy the conditions set forth in the endorsement.  Although the conditions were met and SunStone qualified as an additional insured under this endorsement, any coverage provided by the **CGD246** endorsement shall be excess over any other valid and collectible "other insurance" that is available to the additional insured when that person or organization is an additional insured under such "other insurance."  Therefore, even if SunStone were provided additional insured coverage under this endorsement, it would be excess to any other additional insured coverage SunStone may have.

*   *   *

Allow us to clarify our position with regard to the policy language concerning this matter.  Based upon the language in the endorsement and the requirements in the subcontract, we will agree to defend SunStone as an additional insured under the policies subject to the terms of the endorsement**.**

**Furthermore, the coverage under the blanket additional insured endorsement CGD246 attached to the 2010-2013 policies are provided on an excess basis if SunStone has other additional insured coverage available to it.   This means that such coverage would not be triggered until all other valid and collectible insurance available to SunStone, including any and all primary policies of insurance as well as any and all policies naming SunStone as an additional insured, has exhausted.  Until this coverage issues arising from this matter are resolved, Travelers agrees to defend SunStone subject to its full reservation of rights and defenses under the policies.**

As an additional insured under the referenced policy issued to Bodell Construction coverage provided to SunStone is limited to covered damages arising from Bodell Construction's work.  SunStone is entitled to no greater coverage than the named insured and is bound by all the policy provisions, limitations and exclusions.  General Liability policies do not provide coverage for claims that Bodell Construction's work or product is defective, or for claims alleging that they breached the terms of a contract.  Travelers has agreed to defend SunStone subject to the reservations set forth in this letter.

Should Travelers determine at any later date that there is no coverage or potential coverage under the policies for this claim, Travelers reserves the right upon written notice to withdraw from the investigation, negotiation, defense, indemnification or any other representation.  Travelers does not waive any right to seek reimbursement from any other insurer of SunStone who has an obligation to defend.  Travelers also

November 23, 2016
O'Connor Playdon & Guben, LLP
Page 10 of 11

reserves the right to seek reimbursement from the insured for fees and costs solely related to claims which are not potentially covered under Travelers policies.

By continuing with the investigation, or by undertaking any other action, Travelers deems necessary, Travelers does not waive any defense to coverage that may exist to this claim under the policies or in law, whether asserted herein or not.  Accordingly, we do not waive any defense to coverage not asserted herein, and may assert any such defense at any time.

This letter does not constitute an admission by Travelers that it had, in the past, or continues to have any legal duty to provide a defense to SunStone against the claims asserted in the action, nor does it constitute an admission that there is or will be any coverage under the Travelers insurance policies for any litigation expenses incurred on SunStone's behalf in defending against the action, or for any sums paid in settlement, or for any judgment as may be rendered against SunStone.

Please be advised that Travelers' obligation, if any, to pay a judgment or settlement with respect to the referenced matter is subject to the applicable limits of insurance as well as any deductible, self-insured retention, retrospective premium, or other obligations as set forth in the captioned policy.  The limits of insurance apply to the "each occurrence" or any one "occurrence" limit and any aggregate limit under the policy.  The limits of insurance fix the most we will pay regardless of the number of insureds, claims made or "suits" brought, or persons or organizations making claims or bringing "suits".  For the purpose of determining the limits of insurance under the policy, all "property damage" [and/or 'bodily injury"] arising out of repeated or continuous exposure to substantially the same harmful conditions shall be considered as arising out of one "occurrence."  Travelers may, at its discretion, establish more than one claim file and may allocate payments to multiple files.  However, such an action should not be deemed to be a determination by Travelers of whether one or more "each occurrence" or "any one occurrence" limit is implicated by the referenced matter.

Travelers reserves the right to amend or supplement this reservation of rights letter.  Travelers reserves the right to issue a complete declination of coverage in the referenced matter should it determine that coverage does not apply to some or all of the asserted claims. Travelers reserves the right to withdraw from its agreement to provide a defense to SunStone should it issue a complete declination of coverage. Travelers reserves the right to seek reimbursement of any defense-related payment/s it may issue on behalf of SunStone in connection with the referenced matter, with respect to claims not potentially covered by the policy.  Also, Travelers reserves the right to seek reimbursement of any indemnity payment/s it may issue on behalf of SunStone with respect to claims not covered by the policy.

The captioned policy contain other language which could become relevant for reasons not now foreseen or because of the discovery of facts not currently known by Travelers with respect to the referenced matter.  Travelers does not intend any of its actions, as set forth in this correspondence, and did not intend any  past communication,  correspondence,  action,  or inaction to be a waiver of any of the rights and defenses to coverage available to Travelers, including, but not limited to the rights and defenses provided under the captioned policy or available at law.

**Please be advised that Travelers reserves the right to appoint counsel of its choosing to represent SunStone in the referenced matter.**

Finally, so that we may properly assess the Additional Insured obligation we would appreciate if you would forward to us the information/documentation:

**1.** A current additional insured matrix showing all the subcontractors in this litigation and their insurance

November 23, 2016
O'Connor Playdon & Guben, LLP
Page 11 of 11

carriers and whether they have accepted or denied the tender.   If they have agreed to fund a
percentage of the defense costs or negotiated another means of funding the defense, please show that
as well.

**2.**  Specifically, please advise if any of Bodell Construction's co-carriers has been tendered to, and
their replies.  Please provide copies of all denial letters issued by any of Bodell Construction's co-
carriers.

**3**. Identify SunStone's primary and excess carriers, these carriers' policy limits, as well as whether
there are any exhaustion issues that might affect this claim.  What percentage of legal fees and costs
are SunStone's insurance carriers willing to pay?

**4.**  Defense counsel's billing rate(s), including paralegal rate.

**5.**  The total attorneys fees and costs incurred to date in the defense of SunStone in this matter.  Also
please provide the billings for review and consideration.

**6.**  All expert bills submitted for services performed in connection with the work by our named insured.

**7.**  All status reports to carriers and/or the client.  Please include all enclosures.

**8.**  Defense counsel's budget for litigation and expert expenses up through mediation.


Thank you for your cooperation in this regard.  We look forward to receiving this information so that we
can begin funding the defense.

To the extent SunStone has any questions regarding Travelers' coverage position as set forth in this
letter, they should address their questions to the undersigned and/or they should seek the advice of
personal counsel.

If you have any additional facts, law or other policy information that Travelers should consider in this
decision, please forward that information to Travelers for its review and consideration.  Should you have
any questions, please contact me at (949) 224-5870.


Sincerely,

**St. Paul Fire & Marine Insurance Company**
**The Travelers Indemnity Company of America**
**The Phoenix Insurance Company**



Sandy V. Ngo
Sr. Technical Specialist

cc:      Bodell Construction Company
          586 West Fine Drive
          Salt Lake City, UT 84115-5424

# Exhibit 3



Sandy V. Ngo
**Construction Defect Claims**
3333 Michelson Dr, Ste.1000
Irvine, CA 92612
Tel:  949.224.5870
Fax:  949.224.5975

*Mailing Address*
P.O. Box 19526
Irvine, CA 92623
sngo@travelers.com

June 9, 2017

Cid H. Inouye
O'Connor Playdon & Guben
Pacific Guardian Center
Makai Tower
733 Bishop Street, 24ᵗʰ Floor
Honolulu, HI 96813-4070

RE:      **Association of Apartment Owners of Alii Cove v. SunStone Realty Partners X, LLC**

COURT CASE NO:       15-1-1616-08 (RAN), Hawaii Circuit of the First Circuit
OUR INSURED:          Bodell Construction Company (hereinafter "Bodell")
INSURER:               St Paul Fire & Marine Insurance Company
                       The Travelers Indemnity Company of America
                       The Phoenix Insurance Company
YOUR CLIENT:          SunStone Realty Partners X, LLC (hereinafter "SunStone")
OUR CLAIM NO:         580 ER ACQ5012 T

Dear Mr. Inouye:

St Paul Fire & Marine Insurance Company, The Travelers Indemnity Company of America and The Phoenix Insurance Company (hereinafter "Travelers") has accepted your tender of defense on behalf of SunStone as an additional insured under the Bodell's  policies, relative to the above action.

**Please be advised that effective immediately, Travelers is asserting its right to appoint counsel of its choosing to represent <span style="color:red">SunStone</span> in the <span style="color:red">Association of Apartment Owners of Alii Cove v SunStone Realy Partners X, LLC</span> matter, and has retained the services of <span style="color:red">Mr. Ralph J. O'Neill of MacDonald Rudy,</span> at <span style="color:red">808-523-3080</span> to handle the defense of <span style="color:red">SunStone</span> in this matter.  <span style="color:red">IF SunStone</span> wishes to continue to retain the services of <span style="color:red">O'Connor Playdon & Guben</span>, it may do so, but at its own expense.  From today's date forward, Travelers will only pay for the defense fees and costs incurred by <span style="color:red">Mr. O'Neill of MacDonald Rudy.  Mr. O'Neill</span> will be contacting you shortly to discuss the handling of the matter.**

Thank you for your cooperation in this regard.

Sincerely,
St Paul Fire & Marine Insurance Company
The Travelers Indemnity Company of America
The Phoenix Insurance Company

June 9, 2017
O'Connor Playdon & Guben
Page 2 of 2



Sandy V. Ngo
Sr. Technical Specialist

cc:
      Ralph J. O'Neill
      MacDonald Rudy
      1001 Bishop Street, Ste 2350
      Honolulu, HI 96813

# Exhibit 4



**Tom J. Frazier**

*Claim Professional*
*Travelers*
*PO Box 650293*
*Dallas, TX  75265-0293*

(206) 464-5770
(877) 305-6553  (fax)


**tfrazier@travelers.com**

June 28, 2019


Via Email and Regular Mail



Mr. James Young, Esq.
Senior Vice President & General Counsel
Zilber Ltd.
710 North Plankinton Avenue, Suite 1200
Milwaukee, WI  53203
Jim.young@zilber.com,



Re:
**Association of Apartment Owners of Alii Cove v. SunStone Realty Partners X LLC**

| | |
|---|---|
| Insured: | Bodell Construction Company |
| Policy No's: | KC07800150 effective 09/30/03 to 09/30/04 |
| | KC07800307 effective 09/30/04 to 09/30/05 |
| | DT-CO-0618C07A effective 09/30/05 to 09/30/16 |
| Insurers: | St. Paul Fire & Marine Insurance Company |
| | The Travelers Indemnity Company of America |
| | The Phoenix Insurance Company |
| Claim No.: | ACQ5012 |
| Additional Insured: | SunStone Realty Partners X, LLC |


Dear Mr. Young,

This letter acknowledges your letter dated June 17, 2019 responding to Travelers supplemental reservation of rights letter dated June 4, 2019. Thank you for responding with information responsive to the requests made by Travelers. Those responses included tender of the above litigation to Steadfast Insurance on September 1, 2015, and a listing

of Steadfast policies issued to SunStone for the effective dates of  12/01/03 to 12/01/05 and 12/01/05 to 03/01/07.  Your notification to Steadfast indicated those policies were "applicable to this matter".  Travelers' prior inquiry was for policies in effect from 2003 to 2015. Can you please further clarify whether SunStone had coverage from 2007 to 2015, and if those carriers were placed on notice of this matter?

Your letter suggested I contact the Steadfast claim handler for other information that Travelers requires, and I will proceed to do so.

Your letter then advised of SunStone's reservation for reimbursement of defense costs incurred with the O'Connor legal firm. Travelers acknowledges same. Travelers further advises and clarifies that defense counsel Mr. Bradford Bliss, with the Lyons, Brandt, Cook & Hiramatsu firm is well qualified, staffed and has assured Travelers their office can  handle the defense of SunStone without assistance from the O'Connor firm.

Additionally, enclosed is a letter from Travelers dated 06/09/17 to Sunstone in care of Mr. Inouye, SunStone's counsel advising of Travelers assignment of defense counsel for SunStone at that time, and that "IF SunStone wishes to continue to retain the services of O'Connor Playdon & Guben, it may do so, but at its own expense. From today's date forward, Travelers will only pay for the defense fees and costs incurred by Mr. O'Neill of McDonald Rudy."   Travelers also provided a letter dated 01/11/19 to SunStone advising they could also continue to retain the McDonald Rudy firm at its own expense as well. The intent of both was to advise that Travelers would fund the defense of SunStone with Travelers retained counsel.

Travelers previously reimbursed SunStone for defense fees and costs incurred prior to Travelers acceptance of the SunStone tender. Therefore, Travelers will not respond to subsequent billings submitted from the O'Connor firm. Again, if SunStone requests the O'Connor firm continues to participate in the defense of SunStone, it will be at SunStone's own expense.

I trust this clarifies Travelers' position in response to your letter.  Travelers' defense of Sunstone will continue under a reservation of rights for coverage concerns as indicated in prior November 23, 2016 and June 4, 2019 letters provided to SunStone.

Travelers continues to reserve the right to further supplement or amend its reservation of rights letters. The policies referenced above contain other language which could become relevant for reasons not now foreseen or because of the discovery of facts not currently known by Travelers with respect to the referenced matter. Travelers does not intend any of its actions, as set forth in this correspondence, and did not intend any past communication, correspondence, action or inaction to be a waiver of any of the rights and defense to coverage available to Travelers, including, but not limited to the rights and defenses provided under the captioned policies or available at law.

Please contact the undersigned if you have any additional questions or concerns regarding Travelers response to your letter.

Sincerely,
St. Paul Fire & Marine Insurance Company
The Travelers Indemnity Company of America
The Phoenix Insurance Company

Tom J. Frazier
Claim Professional

Encl.