IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BODELL CONSTRUCTION COMPANY, *et al.*,<br><br>　　　　Defendants. | Case No. 20-cv-00288-DKW-WRP<br><br>**ORDER GRANTING MOTION TO STAY** |

　　Plaintiffs, a group of insurance companies, move to stay this case pending a decision in an appeal currently before the Hawaiʻi Intermediate Court of Appeals (ICA Proceeding). Dkt. No. 328. Defendant Bodell Construction Company (Bodell) opposes a stay, Dkt. No. 336, while other Defendants in this action have taken no position, Dkt. Nos. 339, 346. Essentially, the dispute between Plaintiffs and Bodell boils down to two competing interests. On one hand, the potential for court and party resources to be wasted if this action is not stayed and, on the other, the prejudice to Bodell if this matter is delayed beyond the currently scheduled March 6, 2023 start of trial. Having weighed these factors, the Court finds that the potential for wasted resources that could occur following a decision in the ICA Proceeding far outweighs any prejudice that Bodell may suffer if this case is not

tried in March.  Therefore, because a stay is warranted under the circumstances, the motion to stay is GRANTED to the extent set forth below.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 255).

In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Id.* at 1110 (citing *CMAX*, 300 F.2d at 268). Those interests include: (A) "the possible damage which may result from the granting of a stay," (B) "the hardship or inequity which a party may suffer in being required to go forward," and (C) "the orderly course of justice measured in terms of the simplifying or complicating of

issues, proof, and questions of law which could be expected to result from a stay." *Id.*[1]

## **DISCUSSION**

At a very general level, this case concerns whether responsibility for construction defect damages attributed to Bodell are covered under various insurance policies issued by Plaintiffs. The ICA Proceeding involves an appeal by Bodell of the arbitration decision that assigned much of the above-described responsibility to Bodell, rather than to Defendant Sunstone Realty Partners X LLC (Sunstone). Based upon the parties' description of the ICA Proceeding, Bodell has raised arguments that, if successful, could result in vacatur of the entire arbitration award. Because the full record of the ICA Proceeding has not been submitted here, the Court does not attempt to gauge the percentage chance of success of the appeal; but, given that a presumably non-frivolous appeal was filed, Bodell, at the very least, believes there is some chance of success. In other words,

---

[1] In its opposition to the motion to stay, Bodell argues that the Court should considers factors set forth in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), and *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998). Those factors, however, are to be used when considering whether a district court should "entertain" a declaratory judgment action, which is not the issue here. *Dizol*, 133 F.3d at 1223, 1225. In any event, as mentioned, there are two competing interests here, and the Court's decision would be the same under whatever factor-framework may be applicable.

there is some chance that the arbitration award, which is the basis for this lawsuit, may be vacated in its entirety.

This is important because of what is still to come in this case. Notably, trial. According to Bodell, trial will concern "issues of where property damage occurred, when the property damage occurred, and who was responsible" with respect to the construction of a condominium project that took Sunstone, Bodell, and others years to build. Dkt. No. 336 at 7. While the Court takes no current position on whether that is an accurate summary of the issues for trial in this case, if it is accurate, then the parties have wildly underestimated the amount of time this action may take to try.[2] Put simply, the Court anticipates a trial of this case to result in the expenditure of a significant amount of time and resources of both the Court and the parties -- time and resources that would be for naught if the underlying arbitration award is vacated in the ICA Proceeding. That is a weighty factor favoring a stay of this case.[3]

---

[2] Plaintiffs assert that an additional issue that remains for trial is whether Sunstone can "recover monies awarded in the [arbitration] Judgment beyond those it has actually expended…." Dkt. No. 328-1 at 9. As far as the Court can discern, no other party agrees with that statement. Dkt. No. 336 at 7; Dkt. No. 339 at 3; Dkt. No. 346 at 2. So it is clear, nothing herein should be construed as the Court making *any* finding with respect to this issue.

[3] Specifically, for purposes of the factors set forth above, the time and resources that could be wasted by going to trial implicates the hardship in moving forward and the potential simplification of issues following a decision in the ICA Proceeding.

On the other side of the ledger is the alleged prejudice to Bodell in delaying trial.  Bodell contends that, with each passing day, the interest it owes on the arbitration award continues to mount and, if the ICA Proceeding is typical of other appeals in Hawaiʻi, this case could be stayed for at least another two years, even assuming no additional appeal is filed.  Dkt. No. 336 at 9-11.  The Court does not find this factor outweighs the substantial time and resources that may be wasted by going to trial in March.

First, simply going to trial now, standing alone, would not absolve Bodell of its obligations related to the interest accruing on its liability to Sunstone.  Rather, that obligation can only be absolved by Bodell at trial if it is successful in showing that the entire underlying liability is covered by its insurance policies with Plaintiffs.  A failure in that regard, however, will leave Bodell in the same position it is in now: waiting for a decision in the ICA Proceeding to provide it with relief.  Anything in between those extremes will simply mitigate a portion of the interest for which Bodell is responsible.  Given that the Court is unaware of the evidence Bodell plans to present to establish its case, it is not possible to assess where on this spectrum Bodell's chances may lie.  Nonetheless, the fact that there is such a varying and unpredictable spectrum vitiates any prejudice Bodell may suffer in waiting for a decision in the ICA Proceeding.

Second, the Court largely agrees with Plaintiffs' assertion that Bodell's current situation is largely of its own making. Specifically, Plaintiffs assert, and Bodell does not dispute, the fact that Plaintiffs offered to pay the cost of a bond to stay the judgment at issue in the ICA Proceeding, and Bodell, for whatever reason, declined. Dkt. No. 328-1 at 6 n.3; *see* Dkt. No. 336 at 9-11. While Bodell contends that this occurred before it anticipated having to wait for a decision in the ICA Proceeding, such an argument addresses neither the fact that waiting was a given and should have been known, nor the fact that Bodell could have taken out a bond at no cost to itself, nor the fact that it has been willing to have interest accrue for at least a year. At the very least, therefore, this suggests that the prejudice Bodell may suffer from a stay in this case is not as "extreme" as it protests. *See* Dkt. No. 336 at 9.

In this light, the Court does not find that any prejudice Bodell may allegedly suffer from a stay outweighs the substantial time and resources that will be wasted by continuing with this case if the ICA Proceeding results in a decision favorable to Bodell. Therefore, except for one potential exception mentioned below, this case shall be STAYED upon entry of this Order.[4] From a practical perspective,

---

[4] In its opposition, Bodell requests that, if a stay is issued, its bad faith claim should be allowed to proceed. Dkt. No. 336 at 12. However, Bodell provides no explanation of how its bad faith claim can be "tried and determined separately" from the rest of the claims in this case. *See id*. Therefore, the Court declines to do so.

this means that (1) the final pretrial conference scheduled on February 21, 2023 before the undersigned and trial scheduled to begin on March 6, 2023 (Dkt. No. 163) are VACATED, and (2) the pending motions in limine and joinder (Dkt. Nos. 340, 342-345, 347-348) shall be held in abeyance (with no further briefing to be submitted with respect thereto) until this stay is lifted.[5]  Finally, most if not all of the parties, including Plaintiffs, appear to request, should a stay be granted, an exception to the same: to complete discovery in this case.  *See* Dkt. No. 328-1 at 4 n.1; Dkt. No. 339 at 3; Dkt. No. 346 at 3.  The Court REFERS to the assigned Magistrate Judge whether and to what extent to allow continued discovery.  So it is clear, nothing herein should be construed as prohibiting continued discovery should the Magistrate Judge find it appropriate.

## **CONCLUSION**

To the extent set forth herein, the motion to stay, Dkt. No. 328, is GRANTED.  The parties shall file a joint report with respect to the status of the

---

[5]That being said, the Court notes that, on February 8, 2023, Plaintiffs filed an amended motion in limine number one, Dkt. No. 347, in order to comply with the Court's page limitation for such motions−something which its original motion in limine number one failed to do, *see* Dkt. No. 341-1.  As a result, Dkt. No. 341 is DENIED AS MOOT.

ICA Proceeding every six (6) months from the date of this Order and/or within fourteen (14) days of entry of a decision in the ICA Proceeding.

IT IS SO ORDERED.

Dated: February 14, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*St. Paul Fire and Marine Insurance Company, et al v. Bodell Construction Company et al*; Civil No. 20-00288 DKW-WRP; **ORDER GRANTING MOTION TO STAY**