IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BODELL CONSTRUCTION COMPANY, *et al.*,<br><br>Defendants. | Case No. 20-cv-00288-DKW-WRP<br><br>**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT RE: INSURERS' DEMAND FOR REIMBURSEMENT OF DEFENSE FEES AND COSTS AND SUBSTANTIVE JOINDER IN SAME** |

On November 16, 2023, the Court instructed the parties to file a joint status report on a pending motion for partial summary judgment and substantive joinder in the same, following the answering of certified questions by the Hawaiʻi Supreme Court. Dkt. No. 366. As the Court explained in the foregoing Order, on November 14, 2023, the Hawaiʻi Supreme Court determined that "[a]n insurer may not seek reimbursement from an insured for defending claims when an insurance policy contains no express provision for reimbursement." *Id*. at 2 (citing Dkt. No. 365 at 11).

On November 30, 2023, the parties filed the joint status report required by the November 16, 2023 Order. Dkt. No. 368. Therein, the parties agreed that Defendant Bodell Construction Company's (Bodell) motion for partial summary

judgment ("motion"), Dkt. No. 176, and Defendant Sunstone Realty Partners X LLC's (Sunstone) substantive joinder in the same, Dkt. No. 179, should be granted in light of the Hawai'i Supreme Court's November 14, 2023 decision.  Dkt. No. 368 at 4.

The Court agrees with the parties.  Specifically, pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Here, the parties' dispute over the motion and substantive joinder concerned a question of law: whether an insurer is entitled to reimbursement of fees and costs in defending claims?  The Hawai'i Supreme Court answered that question "No" when, like here, "an insurance policy contains no express provision for reimbursement."  Dkt. No. 365 at 2, 11.  Therefore, as the parties agree, Bodell and Sunstone are entitled to judgment as a matter of law on that question.

Accordingly, in light of the Hawai'i Supreme Court's November 14, 2023 decision, Dkt. No. 365, and the parties' joint status report, Dkt. No. 368, the Court GRANTS the motion for partial summary judgment, Dkt. No. 176, and the substantive joinder in the same, Dkt. No. 179.  As a result, Defendants Bodell and Sunstone are entitled to judgment as a matter of law on Count III of the Complaint, Dkt. No. 1, for equitable reimbursement of defense fees and costs.  Defendant

Bodell is also entitled to judgment as a matter of law on Count III of its First Amended Counterclaim, Dkt. No. 29.

Apart from the relief set forth in this Order, in all other respects, the stay entered in this case, Dkt. No. 352, shall remain in effect.

IT IS SO ORDERED.

Dated: December 18, 2023 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge